On June 27,1975 the court issued the following-order :
Before Nichols, Judge, Presiding, Kasi-iiwa and KuNzio, Judges. KtxNzig, Judge, concurs in the result.
“This case comes before the court on defendant’s motion for summary judgment dismissing the action as a tort claim (not within the jurisdiction of this court under 28 I7.S.C. § 1491), to dismiss for failure to exhaust administrative remedies, or else to suspend proceedings in the trial division pending administrative proceedings. After briefing and oral argument, we deny the motion on all grounds asserted.
“Plaintiff alleges breach by misrepresentation in award of plaintiff’s June 8, 1966, contract with the Department of Commerce Maritime Administration, which called for construction of one oceanographic survey ship, named researcher. Among other allegations, plaintiff says defendant had ‘special knowledge’ that the mandatory terms of its bid solicitation were commercially impractical (*. e., the *1003 ship could not be completed in 900 days, as contracted due to known technical difficulties), or for the price bid, which knowledge was derived by defendant from the failures and overruns associated with construction contracts of three similar earlier oceanographic vessels (surveyor, contracted in 1957 to National Steel & Shipbuilding Co., completed in 3 years instead of 2; oceanographer and discoverer, each contracted for in 1962 to Gibbs Shipyards but completed by Aerojet-General Corporation, in 4 years instead of 2; see Aerojet-General Corp. v. United States, 199 Ct. Cl. 422, 467 F. 2d 1293 (1972).) Defendant also prescribed an electronic automation system it allegedly knew had produced great difficulties in the earlier contracts by failures of the only known qualified subcontractor. Plaintiff claims damages of $5,402,450 losses, lost profits (unstated), and allowable interest in regard to its contract.
“Plaintiff claimed knowing misrepresentations, fraud, or deceit by defendant, but its answer to interrogatories do not reveal any, except that the contract requirement to complete the vessel in 900 days was a false representation she could be completed in that time, plaintiff says. Allegations by plaintiff of specific fraud and deceit practiced against it may be disregarded for the present in classifying the nature of the action here involved. Plaintiff and defendant dispute other critical issues, such as whether the scope of a ‘release’’ of claims applies only to administrative claims previously settled or to the breach claims brought here. Defendant does; not use this release as another ground for dismissal or summary judgment, however.
“The jurisprudence of this court has traditionally included, breach claims of Government contractors who suffered losses in performance because of false information supplied by the-Government or failure to divulge information the Government possessed and was under a duty to divulge, e. g., Hardeman-Monier-Hutcherson v. United States, 198 Ct. Cl. 472, 458 F. 2d 1364 (1972); Chris Berg, Inc. v. United States, 186 Ct. Cl. 389, 404 F. 2d 364 (1968); J. A. Jones Constr. Co. v. United States, 182 Ct. Cl. 615, 390 F. 2d 886 (1968); Helene Curtis Indus., Inc. v. United States, 160 Ct. Cl. 437, 312 F. 2d 774 (1963). An action which arises pri *1004 marily from a contractual undertaking is not 'barred because negligence by defendant gives the case also a tort aspect. Bird & Sons, Inc. v. United States, 190 Ct. Cl. 426, 420 F. 2d 1051 (1970). In view of this authority, we are not justified at this time in dismissing the action because of sounding in tort. If further evidence displays that it does sound primarily in tort, defendant can renew its motion and our order herein will be without prejudice to such renewal. It is also possible, of course, that the full facts will reveal no more than an imprudent bid. We are not holding at this time that the vague and general fact allegations now before us establish a breach of duty or do not; there is no motion before us requiring a holding on that.
“As regards the remainder of defendant’s motion, defendant fails to establish that plaintiff has a contract remedy it should pursue. Defendant has cited to the court only two extracts from the contract: part of Article 4 — ‘Changes in plans and specifications and adjustments of contract price for changes increasing or decreasing contract work’ and Article 35, ‘Disputes.’ The disputes clause has to be read in light of other contract provisions providing remedies. Article 4 on its face applies only to CHANGES in plans and specifications — not to false representations or wrongful withholding of needed information. Defendant has simply failed to show an administrative contract remedy applicable to plaintiff’s breach claims in this case. National Steel & Shipbuilding Co. v. United States, 190 Ct. Cl. 247, 419 F. 2d 863 (1969).
“Defendant makes much of plaintiff’s petition allegation that the specifications were defective, and says that defective specifications are remediable under the ‘Changes’ article. We do not read plaintiff, however, as saying the specifications were defective in the ordinary sense, i.e., if followed, a satisfactory product would not have resulted. They were defective only in the sense that they could not be fulfilled at the contract price, in the contract time. At any rate, we do not hold plaintiff will be able to recover in this suit any claims remediable under the contract, if it asserts any.
“Consequently, in light of the defendant’s failure to show an applicable administrative contract remedy for a Board *1005 of Contract Appeals to apply, and also in light of past practice in similar cases of contract misrepresentation claims, Aerojet, Berg and Helene Curtis, all supra, defendant’s motion to dismiss for failure to exhaust or to suspend proceedings pending further administrative proceedings is denied with prejudice. Defendant’s motion for summary judgment is denied without prejudice so far as otherwise grounded, and this case is returned to the trial division for further proceedings.”
Defendant’s motion for rehearing was denied October 10, 1975.